IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

ROBERT E. PAYNE,                  )
                                  )
                Petitioner,       )
                                  )
     v.                           )    No.  07 C 2548
                                  )
PEOPLE OF THE STATE OF ILLINOIS,  )
                                  )
                Respondent.       )

                 MEMORANDUM OPINION AND ORDER

     Robert Payne ("Payne") has brought what he captions a "Petition For Writ of Habeas Corpus Relief Under 28 U.S.C. §2254" ("Petition").[1]  But putting aside any question of the Petition's probable lack of timeliness, which would constitute an affirmative defense rather than a jurisdictional defect, the Petition must be dismissed on truly jurisdictional grounds.

     Indeed, Payne has really confirmed that defect by the very caption that he has chosen for the Petition, naming the People of the State of Illinois as the respondent.  Under an unbroken doctrine in habeas corpus jurisprudence, the proper habeas respondent is neither a disembodied governmental unit nor the "people" who are collectively the constituents of that unit, but rather the <u>person</u> who has custody over the habeas petitioner.  Here is the Supreme Court's recent teaching in <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004):

---

    [1] All further reference to provisions of Title 28 will simply take the form "Section --."

The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. §2242; see also §2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. Ibid. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885)(emphasis added); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing Wales, supra, at 574, 5 S.Ct. 1050); Braden, supra, at 495, 93 S.Ct. 1123 ("'[T]his writ...is directed to...[the] jailer,'" quoting In re Jackson, 15 Mich. 417, 439-440 (1867)).

In this instance Payne acknowledges that he is presently serving a federal sentence in the United States Penitentiary McCreary in Pine Knot, Kentucky, with the federal sentence imposed on him having been enhanced by an earlier--and now fully served--state court conviction here in Illinois. In that respect our Court of Appeals, in Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir. 1990)(emphasis in original), has described the interaction between the Supreme Court's unanimous per curiam decision in Maleng v. Cook, 490 U.S. 488 (1989) and the Seventh Circuit's own contemporaneous decision in Lowery v. Young, 887

2

F.2d 1309 (7th Cir. 1989):

> Maleng holds that when sentence A has expired but has been used to augment sentence B, the prisoner is "in custody" only on sentence B. The consequences of sentence A for sentence B do not yield continued "custody" on sentence A, the Court concluded. Lowery holds that a person in custody on sentence B may contend that that custody violates the Constitution if it was augmented because of an invalid sentence A. There is no conflict between these holdings. The "custody" question in Lowery is identical to the "custody" question in Tucker, which Maleng reaffirmed, 109 S.Ct. at 1927. Whether the federal court with jurisdiction over the custodian holding the prisoner on sentence B may inquire into the validity of sentence A is a matter of comity and the rules of preclusion, not of "custody."

Finally, two Supreme Court decisions handed down during the October 2000 Term--Daniels v. United States, 532 U.S. 374 (2001) and Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001) have confirmed that the same principles apply whether the proper habeas vehicle is Section 2255 (as in Daniels) or Section 2254 (as in Lackawanna County). In short, Payne cannot properly invoke the jurisdiction of this District Court under any approach:

    1. Section 2254 is unavailable to him because, with his state sentence having been served, he is not "in custody pursuant to the judgment of a State court" (Section 2254(a)).

    2. Section 2255 is equally unavailable to him here because he is "in custody" in another judicial district and must bring suit there, naming the warden who is his

custodian as the respondent.[2]

Accordingly both the Petition and this action are dismissed for lack of jurisdiction.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  May 10, 2007

---

[2] Again no opinion is expressed here as to the potential untimeliness of such an action under Section 2255's one-year limitation period.  Nor does this Court express any view as to the possible availability of a third route--challenging the earlier state sentence in an Illinois state court via habeas corpus or perhaps coram nobis--a possibility that could run afoul of a state statute of limitations and then, even if successful, could encounter a limitations problem posed by an ensuing Section 2255 petition.

4