IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT E. PAYNE,                    )
                                    )
              Petitioner,           )
                                    )
     v.                             )    No.  07 C 2548
                                    )
W. ELAINE CHAPMAN, WARDEN, etc.,    )
et al.,                             )
                                    )
              Respondents.          )

MEMORANDUM ORDER

Robert Payne ("Payne") has filed a pro se document captioned
"Motion for Reconsider Petition for Writ of Habeas Corpus Relief
Under 28 U.S.C. §2254," asking that this Court take a fresh look
at its attached May 10, 2007 memorandum opinion and order
("Opinion") denying such relief.  But Payne's newest filing has
regrettably failed to pay any real attention to the grounds for
dismissal set out in the Opinion, instead focusing almost
exclusively on the merits of his Petition as if it were
appropriate to consider those merits here.[1]

There is one possible exception to what has just been said:
Payne's motion has added as a respondent the Warden of the
Butner, North Carolina federal correctional facility (where he is

_____

[1]  Because the Opinion had dismissed the Petition and this
action for lack of jurisdiction, it would have been improper for
this Court to opine on the merits--and no view is expressed on
that score here either.  In addition, as Opinion at 4 n.2 made
clear, this Court has refrained from expressing any view as to
other substantive issues that might be implicated if jurisdiction
were properly lodged here.

now in custody), in addition to the original (and still improperly designated) "People of the State of Illinois." Although that appears to be an attempted response to the teaching of <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004) as quoted in Opinion at 2, it does Payne no good--clearly Warden Chapman must be sued in North Carolina and not here in Illinois, where in personam jurisdiction over the Warden is lacking.

There is no further need to repeat what was said in the Opinion. Payne's motion for reconsideration is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 12, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT E. PAYNE,                        )
                                        )
                Petitioner,             )
                                        )
        v.                              )   No.  07 C 2548
                                        )
PEOPLE OF THE STATE OF ILLINOIS,        )
                                        )
                Respondent.             )

MEMORANDUM OPINION AND ORDER

Robert Payne ("Payne") has brought what he captions a "Petition For Writ of Habeas Corpus Relief Under 28 U.S.C. §2254" ("Petition").[1]  But putting aside any question of the Petition's probable lack of timeliness, which would constitute an affirmative defense rather than a jurisdictional defect, the Petition must be dismissed on truly jurisdictional grounds.

Indeed, Payne has really confirmed that defect by the very caption that he has chosen for the Petition, naming the People of the State of Illinois as the respondent.  Under an unbroken doctrine in habeas corpus jurisprudence, the proper habeas respondent is neither a disembodied governmental unit nor the "people" who are collectively the constituents of that unit, but rather the person who has custody over the habeas petitioner. Here is the Supreme Court's recent teaching in Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004):

_____

    [1]  All further reference to provisions of Title 28 will simply take the form "Section --."

The federal habeas statute straightforwardly provides
that the proper respondent to a habeas petition is "the
person who has custody over [the petitioner]."  28
U.S.C. §2242; see also §2243 ("The writ, or order to
show cause shall be directed to the person having
custody of the person detained").  The consistent use
of the definite article in reference to the custodian
indicates that there is generally only one proper
respondent to a given prisoner's habeas petition.  This
custodian, moreover, is "the person" with the ability
to produce the prisoner's body before the habeas court.
Ibid.  We summed up the plain language of the habeas
statute over 100 years ago in this way:  "[T]hese
provisions contemplate a proceeding against some person
who has the immediate custody of the party detained,
with the power to produce the body of such party before
the court or judge, that he may be liberated if no
sufficient reason is shown to the contrary."  Wales v.
Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277
(1885)(emphasis added); see also Braden v. 30th
Judicial Circuit Court of Ky., 410 U.S. 484, 494-495,
93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)("The writ of
habeas corpus" acts upon "the person who holds [the
detainee] in what is alleged to be unlawful custody,"
citing Wales, supra, at 574, 5 S.Ct. 1050); Braden,
supra, at 495, 93 S.Ct. 1123 ("'[T]his writ...is
directed to...[the] jailer,'" quoting In re Jackson, 15
Mich. 417, 439-440 (1867)).

In this instance Payne acknowledges that he is presently

serving a federal sentence in the United States Penitentiary

McCreary in Pine Knot, Kentucky, with the federal sentence

imposed on him having been enhanced by an earlier--and now fully

served--state court conviction here in Illinois.  In that respect

our Court of Appeals, in Crank v. Duckworth, 905 F.2d 1090, 1091

(7th Cir. 1990)(emphasis in original), has described the

interaction between the Supreme Court's unanimous per curiam

decision in Maleng v. Cook, 490 U.S. 488 (1989) and the Seventh

Circuit's own contemporaneous decision in Lowery v. Young, 887

F.2d 1309 (7th Cir. 1989):

> *Maleng* holds that when sentence A has expired but has
> been used to augment sentence B, the prisoner is "in
> custody" only on sentence B. The consequences of
> sentence A for sentence B do not yield continued
> "custody" *on sentence* A, the Court concluded. *Lowery*
> holds that a person in custody on sentence B may
> contend that that custody violates the Constitution if
> it was augmented because of an invalid sentence A.
> There is no conflict between these holdings. The
> "custody" question in *Lowery* is identical to the
> "custody" question in *Tucker*, which *Maleng* reaffirmed,
> 109 S.Ct. at 1927. Whether the federal court with
> jurisdiction over the custodian holding the prisoner on
> sentence B may inquire into the validity of sentence A
> is a matter of comity and the rules of preclusion, not
> of "custody."

Finally, two Supreme Court decisions handed down during the

October 2000 Term--*Daniels v. United States*, 532 U.S. 374 (2001)

and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001)

have confirmed that the same principles apply whether the proper

habeas vehicle is Section 2255 (as in *Daniels*) or Section 2254

(as in *Lackawanna County*). In short, Payne cannot properly

invoke the jurisdiction of this District Court under any

approach:

    1. Section 2254 is unavailable to him because, with

his state sentence having been served, he is not "in custody

pursuant to the judgment of a State court" (Section

2254(a)).

    2. Section 2255 is equally unavailable to him here

because he is "in custody" in another judicial district and

must bring suit there, naming the warden who is his

custodian as the respondent.[2]

Accordingly both the Petition and this action are dismissed for lack of jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date:   May 10, 2007

---

[2]   Again no opinion is expressed here as to the potential untimeliness of such an action under Section 2255's one-year limitation period.   Nor does this Court express any view as to the possible availability of a third route--challenging the earlier state sentence in an Illinois state court via habeas corpus or perhaps coram nobis--a possibility that could run afoul of a state statute of limitations and then, even if successful, could encounter a limitations problem posed by an ensuing Section 2255 petition.